UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL P. McCARTHY, SR., JOANNE )
McCARTHY, PATRICIA McCARTHY, )
GAIL McCARTHY, TIMOTHY )
McCARTHY, KAREN McCARTHY, )
MARY McCARTHY, JEAN McCARTHY )
TANGORRA, ERIN McCARTHY, )
BRIDGET McCARTHY, and THOMAS )
McCARTHY, )
                                                       )
          plaintiffs             )
                                                       )
                v.                 )   No.
                                                       )
ARCHICETURAL IRON WORKERS )
LOCAL NO. 63 WELFARE FUND and )
and BENEFITS MANAGEMENT )
GROUP, INC., )
                                                       )
          defendants.          )

**COMPLAINT**

The plaintiffs, Daniel P. McCarthy, Sr., Joanne McCarthy, Patricia McCarthy, Gail McCarthy, Timothy McCarthy, Karen McCarthy, Mary McCarthy, Jean McCarthy Tangorra, Erin McCarthy, Bridget McCarthy, and Thomas McCarthy [hereinafter "the McCarthy family"], for their Complaint against the defendants, Architectural Iron Workers Local No. 63 Welfare Fund and Benefits Management Group, Inc., state:

**PARTIES**

1.     The plaintiffs, Daniel P. McCarthy, Sr. and Joanne McCarthy, are the parents of Daniel P. McCarthy, Jr., deceased.

2.     The plaintiffs, Patricia McCarthy, Gail McCarthy, Timothy McCarthy, Karen McCarthy, Mary McCarthy, Jean McCarthy Tangorra, Erin McCarthy, Bridget McCarthy, and

Thomas McCarthy, are the surviving siblings of Daniel P. McCarthy, Jr., deceased.

3. The defendant, Architectural Iron Workers Local No. 63 Welfare Fund, has an office at 903 Commerce Drive, Oak Brook, Illinois.

4. The defendant, Benefits Management Group, Inc., has an office at 903 Commerce Drive, Oak Brook, Illinois.

## JURISDICTION AND VENUE

5. The McCarthy family asserts a cause of action under the Employment Retirement Income Security Act of 1974, 29 U.S.C. Section 1001-1461, and a cause of action under the Illinois Probate Act.

6. This Court has subject matter jurisdiction pursuant over the ERISA cause of action pursuant to 29 U.S.C. § 1132(e).

7. This Court has supplemental subject matter jurisdiction over the Illinois Probate Act cause of action pursuant to 28 U.S.C. § 1367(a), as this cause of action is so related to claims in the ERISA cause of action that they form part of the same case or controversy under Article III of the United States Constitution.

8. This Court has personal jurisdiction over the defendants because they both reside within this judicial district.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), in that the defendants both reside in this district, a substantial part of the events or omissions giving rise to the claims occurred in this district, or a substantial part of the property that is the subject of the action is situated in this district.

## COMMON ALLEGATIONS

10. Daniel P. McCarthy, Jr. died on August 1, 2009.

11. Daniel P. McCarthy, Jr. did not leave a will, had no spouse, had no children, and did not own real estate.

12. Daniel P. McCarthy, Jr. left the McCarthy family as his sole surviving heirs.

13. The Estate of Daniel P. McCarthy is a "small estate" as defined in the Illinois Probate Act, 755 ILCS 5/25-1.

14. The defendant, Architectural Iron Workers Local No. 63 Welfare Fund is a plan as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001-1461 ["the ERISA plan"].

15. The defendant, Benefits Management Group, Inc., administers the ERISA plan.

16. Both defendants are fiduciaries under ERISA.

17. The Estate of Daniel P. McCarthy is entitled to health and welfare, death, and retirement plan benefits from the defendants under the ERISA plan.

18. Under the Illinois Probate Act, payments to an estate that has a value under $100,000 must be done in accordance with 755 ILCS 5/25-1.

19. A representative of the defendants represented to the plaintiff, Timothy M. McCarthy, that the death benefit was $20,000. Timothy M. McCarthy delivered a Small Estate Affidavit, as defined in the Illinois Probate Act, 755 ILCS 5/25-1, to the defendants. A true and correct copy of the Small Estate Affidavit is attached to this Complaint as Exhibit A and the facts stated in that document are incorporated herein.

20. Defendants refused to pay, deliver, transfer, or issue the personal estate as provided in the Illinois Probate Act, 755 ILCS 5/25-1.

21. Patrick Gallaher, an employee or agent of defendants, represented to the plaintiff, Timothy M. McCarthy, that the death benefit was approximately $34,000. Timothy M.

McCarthy according delivered a second Small Estate Affidavit, as defined in the Illinois Probate Act, 755 ILCS 5/25-1, to the defendants. A true and correct copy of the Small Estate Affidavit is attached to this Complaint as Exhibit B and the facts stated in that document are incorporated herein.

### COUNT I
### ERISA

22. Under the Illinois Probate Act, the defendants are required to pay benefits from the ERISA plan to the McCarthy family in accordance with 755 ILCS 5/25-1.

23. The defendants are required to pay $10,883.16 in unpaid funeral expenses to the plaintiff, Timothy McCarthy, and to distribute proportionate shares of the remainder of the ERISA plan benefits to each heir.

24. The defendants breached their fiduciary duty by refusing to pay benefits from the ERISA plan to the McCarthy family in accordance with 755 ILCS 5/25-1.

25. The defendants' refusal to pay benefits in accordance with 755 ILCS 5/25-1 constitutes a breach of the defendants' responsibilities, obligations, and duties imposed upon them by ERISA and they are therefore personally liable to the McCarthy family under ERISA.

### COUNT II
### Illinois Probate Act

26. Under the Illinois Probate Act, the defendants are required to pay benefits from the plan to the McCarthy family in accordance with the Small Estate affidavits.

27. The defendants are therefore indebted to or holding personal estate of Daniel P. McCarthy, Jr., deceased, as defined in the Illinois Probate Act, 755 ILCS 5/25-1(a).

28. The defendants are required to pay $10,883.16 in unpaid funeral expenses to the plaintiff, Timothy McCarthy, and to distribute proportionate shares of the remainder of the

ERISA plan benefits to the persons and in the manner specified in Paragraph 11 of the Small Estate Affidavits, pursuant to the Illinois Probate Act, 755 ILCS 5/25-1(a).

29. The defendants' refusal to pay benefits from the ERISA plan to the persons and in the manner specified in Paragraphs 10 and 11 of the Small Estate Affidavit violates the Illinois Probate Act, 755 ILCS 5/25-1.

30. The Small Estate Affidavit, Exhibit A, constitutes *prima facie* proof of the facts stated therein, pursuant to the Illinois Probate Act, 755 ILCS 5/25-3.

31. The McCarthy family is entitled to recover benefits from defendants plan in accordance with the Small Estate Affidavit in a civil action, as provided in the Illinois Probate Act, 755 ILCS 5/25-3.

WHEREFORE, the McCarthy family prays that judgment be entered in its favor and against the defendants, Architectural Iron Workers Local No. 63 Welfare Fund and Benefits Management Group, Inc.:

1. That the McCarthy family recover damages from the defendant for the defendants' breach of fiduciary duty;

2. That the defendants be ordered to provide an accounting of all plan benefits wrongfully withheld;

3. That an injunction issue requiring the defendants to pay plan benefits as required by the Illinois Probate Act;

4. That the defendants be directed to file with this Court and to serve on the McCarthy family, within 30 days after the service of the injunction, a report in writing under oath, setting forth in detail the manner and form in which they complied with the injunction;

5. That the McCarthy family recover its costs and attorney's fees pursuant to 29 U.S.C. Section 1132(g)(1); and

6. That the McCarthy family have such other and further relief to which it may be entitled.

                Respectfully submitted,

                THE MCCARTHY FAMILY

By: David J. Marr, attorney for Daniel P. McCarthy, Sr., Joanne McCarthy, Patricia McCarthy, Gail McCarthy, McCarthy, Karen McCarthy, Mary McCarthy, Jean McCarthy Tangorra, Erin McCarthy, Bridget McCarthy, and Thomas McCarthy

TREXLER, BUSHNELL, GIANGIORGI,
   BLACKSTONE & MARR, LTD.
105 West Adams Street, 36th Floor
Chicago, Illinois 60603-6299
tel (312) 704-1890
fax (312) 704-8023

By: Timothy M. McCarthy, pro se

105 West Adams Street, 36th Floor
Chicago, Illinois 60603-6299
tel (312) 704-1890
fax (312) 704-8023

Complaint.doc